140

EDWARD J. GUILMETTE, PETITIONER-APPELLANT, v. SOMERSET AND SUNSET DINERS, RESPONDENT-APPELLEE.

Somerset County Court
Law Division

Decided July, 1952.

*Mr. Joseph Butt* argued the cause for petitioner-appellant.

*Mr. Edward G. Gerardo* argued the cause for respondent-appellee (*Messrs. Markley & Broadhurst*, attorneys).

SMITH, J. C. C. The notice of appeal in this action states that the petitioner-appellant's *attorney* appeals from the

judgment entered by the "Deputy Director of Compensation wherein it was adjudged and determined that the petitioner's attorney be allowed a counsel fee in the sum of One Hundred ($100.00) Dollars. This is a partial appeal directed solely to the allowance of the counsel fee." This is re-asserted in the two-page letter addressed to the court prior to the oral argument, which letter, although perhaps not complying with *Rule* 5:2–6, constitutes the only brief offered in support of the appeal. No brief is filed on behalf of the appellee.

In the letter above mentioned the attorney for the petitioner alleges that "the applicable statutory provision is *R. S.* 34:15–64 which provides for a maximum counsel fee of 20% of the judgment within the discretion of the Deputy Director" and further "that there was an abuse of discretion on the part of the Deputy Director in making an allowance of counsel fee in a sum which was less than 10% of the total award" of $1,037.73. The attorney concludes his letter by contending that the "determination on that point [allowance of counsel fee] should be reversed and an allowance of counsel fee made of $200.00 which is approximately 20% of the total award."

The appellant has not furnished this court with a transcript of the proceedings before the deputy director of compensation. At the hearing before this court the attorney for the respondent-appellee moved to dismiss the appeal on the grounds that the appellant had failed to comply with the provisions of *R. S.* 34:15–66 in that (a) he had not filed his notice of appeal "within thirty days after the judgment has been rendered," and (b) had failed to "send to the clerk of the court of common pleas [now County Court] of the county in which the accident occurred, a transcript of the record and testimony in the cause."

The proceedings before the deputy director appear to have been concluded on July 12, 1951, at which time he announced his findings and the allowance of the counsel fee now complained of as inadequate. The formal determination of facts and rule for judgment, however, is dated September

11, 1951 and was filed in the Trenton office of the Division of Workmen's Compensation on September 24, 1951. The notice of appeal is dated October 11, 1951 and was filed in the office of the clerk of this court on October 13, 1951. A copy of the notice was filed in the office of the Division of Workmen's Compensation on the same date. The attorney for the appellee stated that they had not been served with a copy of the notice until November 27 or 28, 1951, after payments had been made pursuant to the award and rule for judgment.

With respect to the filing of the notice of appeal, it is sufficient if the same be filed within 30 days after the date of the filing of the determination of facts and rule for judgment in the office of the Division of Workmen's Compensation at Trenton. *Fischman v. Joseph Fish & Co.*, 121 *N. J. L.* 3 (*Sup. Ct.* 1938); *Brown v. Allied Plumbing & Heating Co.*, 130 *N. J. L.* 487 (*E. & A.* 1943); *Caruso v. William B. Kessler, Inc.*, 16 *N. J. Super.* 467 (*Cty. Ct.* 1951). The rule for judgment in this action having been filed in the Trenton office of the Division of Workmen's Compensation on September 24, 1951 and the notice of appeal having been filed both in the office of the clerk of this court and in the office of the said Division on October 13, 1951, the said notice was "filed within thirty days after the judgment" was rendered as required by *R. S.* 34:15–66 as construed and applied by our courts. The statute appears to be entirely silent with respect to serving a copy of the notice of appeal upon the appellee. According to the section of the statute last cited, the appellee seems to get his first formal notice of the appeal when he is served with notice of the "time and place for the hearing of the appeal, at least ten days" before the date fixed for the hearing thereon. The appellant has not filed in this court any proof of service upon the appellee of notice of the time and place of the hearing. However, since the appellee's attorney appeared and argued the cause on the day fixed, raising no question of failure of the appellant to give him the required notice, it is assumed

that notice was given in compliance with the statutory requirement.

At the hearing there was considerable discussion between counsel and the court with respect not only to the possible jurisdictional effect of the failure of the appellant to file "a transcript of the record and testimony in the cause," but also the complete inability of this court to properly appraise and determine the fair and reasonable value of the professional services rendered in the action by the appellant's attorney without the assistance of the transcript. It was argued by the appellant's attorney that the transcript was unnecessary to a determination of the sole question of the adequacy of the counsel fee allowed him by the deputy director and further that the amount involved in the appeal would not justify the expenditure required to obtain the transcript. He urged that the mere fact of his preparation and presentation of the petitioner's case, requiring three appearances before the deputy director, was sufficient to entitle him to the maximum counsel fee allowable under *R. S.* 34:15–64 and contended that the deputy director had failed to give reasons for the smallness of the counsel fee allowed and had not given him an opportunity to be heard on the question of his allowance. No offer was then, or has since been made to obtain and file a transcript nor has a request been made for extension of time within which to file the same.

"The trial of the appeal shall be based exclusively on the transcript of the record and testimony" *R. S.* 34:15–66; *Gagliano v. Botany Worsted Mills*, 13 *N. J. Super.* 1 (*App. Div.* 1951).

"Any appeal may be dismissed by the judge if the transcript of the record and testimony is not transmitted, or if the appeal is not prosecuted in accordance with the provisions of this chapter." *R. S.* 34:15–66.

"The provisions of the cited statute with reference to the filing of the transcript of the record and testimony within fifteen days after the filing of the notice of appeal are clearly mandatory, and the burden is accordingly placed upon the

appellant to see that the statutory requisites are strictly complied with. In the absence of any qualifying circumstances, justifying a relaxation of the statutory provisions" an appeal may be properly dismissed by the County Court. *Silverberg v. Federal Shipbuilding, &c., Co.,* 137 *N. J. L.* 77 *(Sup. Ct.* 1948), citing *Lepf v. Chambersburg Building and Loan Ass'n.,* 120 *N. J. L.* 535 *(Sup. Ct.* 1938). The County Court may, for good cause shown, exercise its discretion and grant an extension of the time within which the transcript of the record and testimony may be filed. *Silverberg v. Federal Shipbuilding, &c., Co., supra; Vandenberg v. John De Kuyper & Son,* 5 *N. J. Super.* 440 *(App. Div.* 1949)*; Caruso v. William B. Kessler, Inc., supra.* However, since by statute it is required that "the trial of the appeal shall be based exclusively on the transcript of the record and testimony" and the filing of such transcript has been held to be mandatory and the statute further provides that "the appeal may be dismissed by the judge if the transcript of the record and testimony is not transmitted," it would appear that, in the absence of specific statutory authorization, the County Court possesses no authority to waive entirely the filing of such transcript. But even if it could be said that the County Court might exercise its discretion in this respect, it certainly should not do so in any case where, as here, the transcript would be of substantial assistance to the court in determining the specific question presented on the appeal. It is entirely conceivable that the transcript of the record and testimony might disclose in many ways, which need not be here enumerated, the true value of the professional services rendered by the appellant's attorney and whether, possibly, he may have rendered services unnecessarily and which did not in any substantial way contribute to the granting of an award to the petitioner. It might disclose the deputy director's reasons for allowing a smaller counsel fee than the attorney felt himself entitled to receive. It might also show that the attorney was given ample opportunity to be heard concerning the *quantum* of the counsel fee allowed

him. In the absence of the transcript this court would be required to speculate upon all of these matters. There is no statutory authority for this court to accept, in lieu of the transcript, affidavits or other proofs or counsel's assertions as to what transpired in the lower tribunal. While it may be true that the amount involved in the appeal does not justify incurring the substantial cost of obtaining a transcript, this court is powerless to remedy such a deficiency, if such it be, in a purely statutory proceeding.

Having failed to file a transcript of the record and testimony, the attorney for the appellant has not placed this court in a position where it can determine the sole question raised by his appeal, i. e., the adequacy of the counsel fee allowed him by the deputy director of compensation.

The motion by the respondent-appellee to dismiss the appeal is granted and an appropriate judgment may be submitted.